IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

UNITED STATES OF AMERICA                                                    PLAINTIFF

Vs.                                      NO. 4:06cr00143 WRW

COREY LAMONT BEALER                                                          DEFENDANT

ORDER

Defendant has filed a motion for bond hearing/release (docket entry #13) to which the United States responded (docket entry #16). Following a hearing, the Court finds that the motion should be denied and that Defendant should remain detained pending trial.

This is a case to which the presumption contained in 18 U.S.C. § 3142(e) applies. Defendant's criminal history, which is set forth in the original order of detention, includes crimes involving a sawed off shotgun and domestic violence. He has had parole revoked in the past. (See, docket entry #12.) The Court has previously found that Defendant poses a danger to the community and the question is whether conditions could be imposed that would reasonably assure safety.

Defendant proposed to be allowed to live with his girlfriend[1] on electronic home monitoring with his sister acting as a third party custodian. He further introduced proof that he would have a job at Little Rock Dodge if released. Defendant has provided medical records regarding his son. The Court finds that the proposed conditions would not reasonably assure the safety of the community, as they would not prevent drug activity, and would not reasonably assure the safety of the girlfriend, with whom he proposes to live.

---

[1] In the original order of detention, this individual was referred to as Defendant's wife. It appears they are not married.

As previously determined, the girlfriend would not be able to exercise control over Defendant. As reflected in the order of detention, they have had domestic problems, which raises the concern of domestic violence in light of his previous conviction for that offense. The proposed third party custodian adds nothing to the level of protection. Although Ms. Banks seemed sincere, she lives in North Little Rock, while Defendant proposes to live in Benton, a drive of at least thirty minutes. Ms. Banks is employed full time. Because of these factors, there is no way she could effectively monitor his behavior or even know about drug activities or other violations. Nor does potential employment at Little Rock Dodge help. The company's representative testified that employees work differing hours, which would cause significant problems in determining the electronic home monitoring schedule. Further, electronic monitoring might to some degree lessen the risk of drug activities, but these could be carried on even from the home, by use of a cell phone, for example.

The original order of detention says that further consideration could be given if Defendant "has been fully truthful about the physical condition of his young son . . . ." The Court has carefully reviewed the medical records provided by Defendant's counsel. It appears true that the child was premature and had significant health problems at the beginning, but the records reflect that these problems have resolved. There are limited entries in 2006, and the records show that visits were for routine problems such as colds and congestion. There is nothing in the records which suggest a severe condition or that the child often has to be taken to the doctor immediately when problems arise, as argued by Defendant. For example, in 2006, the records reflect that he was seen only in April, albeit on three occasions. He apparently had fever and congestion. When seen, he had

been having problems for several days.  Physical examination on April 11, 2006, showed a normal physical examination, including the lungs and on April 21 and 24, his lungs were clear to auscultation, despite the fact that on the 24th, his mother reported that he had started wheezing.  In short, there is no indication of a serious, continuing problem.

With all factors considered, the Court finds that Defendant should remain in detention pending resolution of his case.

IT IS SO ORDERED this 22nd day of June, 2006.

                                                                                                                        UNITED STATES MAGISTRATE JUDGE